# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Neil Guidry                                    Civil Action No. 6:16-cv-1415

versus                                         Judge Dee D. Drell

Ryder Truck Rental, Inc. and                   Magistrate Judge Carol B. Whitehurst
Doerle Food Services, Inc.

## REPORT AND RECOMMENDATION

This matter is before the Court on: a Motion to Dismiss for Failure to State a Claim (Doc. 12), filed by Defendant Doerle Food Services, Inc. ("Doerle"); a Memorandum in Opposition to the Motion to Dismiss (Doc. 16), filed by Plaintiff Neil Guidry; Plaintiff's Motion to Remand (Doc. 16); and Doerle's Memorandum in Opposition to the Motion to Remand (Doc. 18). For the following reasons, the undersigned recommends that the Motion to Dismiss be granted and the Motion to Remand be denied.

## I. Background

On June 16, 2016, Plaintiff filed a Petition for Damages against Doerle and Ryder Truck Rental, Inc. ("Ryder Truck") in the Fifteenth Judicial District Court, Parish of Lafayette, Louisiana. (Doc. 1-4 at pp. 2-6.) This action arises out of an incident that occurred on July 29, 2015, when Plaintiff was severely injured while attempting to exit the trailer of a commercial truck to make a delivery. (Doc. 1-4 at

¶ 9.) Plaintiff alleges that the ladder required for access to the trailer was missing. (Doc. 1-4 at ¶ 8.) At the time of the incident, Plaintiff was an employee of Doerle and working in the course of his employment as a commercial truck driver. (Doc. 1-4 at ¶ 2.) Plaintiff seeks to assert an intentional tort claim against Doerle. (Doc. 1-4 at ¶ 19.)

Ryder Truck, a foreign corporation, removed the action to this Court on October 7,2016. (Doc. 1). Ryder Truck asserts in the Notice of Removal that Plaintiff fraudulently joined Doerle, who like Plaintiff is a citizen of Louisiana, to defeat diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 at ¶¶ 6-10.) Ryder Truck further asserts that the "amount in controversy" requirement has been satisfied based on Plaintiff's allegations. (Doc. 1 at ¶ 11.)

## II. The Parties' Motions

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Doerle has moved to dismiss Plaintiff's intentional tort claim against it. (Doc. 12-1.) Doerle contends that Plaintiff has failed to allege a plausible claim by failing to allege sufficient facts that Plaintiff's injury was "substantially certain" to follow from Doerle's conduct. (Doc. 12-1 at pp. 4-9.)

Plaintiff opposed Doerle's motion and has also submitted a Motion to Remand. (Doc. 16.) He contends that "he sufficiently plead facts to available himself to the

intentional tort exception to the exclusivity provisions of the" Louisiana Worker's Compensation Act ("Act").  (Doc. 16 at p. 1.)  Because his tort claim against Doerle, a non-diverse defendant, is plausible and has not been fraudulently joined in this action, Plaintiff contends that this Court lacks subject matter jurisdiction to entertain this lawsuit.  (Doc. 16 at pp. 5-6.)  Plaintiff asks the Court to remand this case back to state court.  (Doc. 16 at pp. 6-7.)  Thus, before considering Doerle's motion to dismiss, the Court "must first determine whether [Doerle was] fraudulently joined to defeat this Court's subject matter jurisdiction." *Enriquez v. Turner Industries, LLC*, No. 13-00055, 2013 WL 3330012, at *1 (M.D. La. Jul. 1, 2013).

## II.  *Applicable Standard of Review*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See 28* U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Though the Court must remand to state court if at any time before final judgment it appears that it lacks subject matter

jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). In this case, the parties do not dispute that the amount-in-controversy requirement is met, but they disagree about whether the complete diversity requirement is satisfied. It is further undisputed that Plaintiff and Doerle have Louisiana citizenship, which would ordinarily destroy complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). When a nondiverse party is properly joined as a defendant, no defendant may remove the case under 28 U.S.C. § 1332. However, a defendant may remove by showing that the nondiverse party was joined improperly. *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003).[1]

The burden of demonstrating improper joinder is a heavy one, as the doctrine is a narrow exception to the rule of complete diversity. *Id.* at 222. A defendant may

---

[1] The Fifth Circuit Court of Appeals has adopted the term "improper joinder" as more consistent with the statutory language than the term "fraudulent joinder." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc). Thus, the Court will consider the parties "fraudulent joinder" arguments hereinafter as arguments pertaining to "improper joinder."

establish improper joinder by showing either (1) actual fraud in pleading jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant. *Id.* at 222–23. The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Rule 12(b)(6). *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). In order to survive a Rule 12(b)(6) motion to dismiss, "[plaintiff's] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* This means that the plaintiff must plead "enough facts  to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The scope of the inquiry for improper joinder, however, is even broader than that for Rule 12(b)(6) because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Smallwood*, 385 F.3d at 573. In conducting this inquiry, the motive or purpose for the joinder of the in-state defendant is irrelevant to this inquiry. *Id.* at 574. The Court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id*. The Court also is

required to resolve all ambiguities of state law in favor of the non-removing party. *Id*.

### III. Discussion

The Court must consider whether Plaintiff has stated a plausible tort action against Doerle, the non-diverse Defendant in this case. The Act provides the exclusive remedy for any claims an employee may have arising out of injuries he allegedly sustained during the course and scope of his employment. *See* La. R.S. 23:1032. However, the exclusive remedy provision does provide an exception for intentional acts committed by the employer. Section 1032(B) states that "[n]othing in this Chapter shall affect the liability of the employer . . . or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act." La. R.S. 23:1032(8)

"To qualify for the very narrow intent exception, Louisiana jurisprudence requires a strong link between the employer's conduct and the employee's injury." *Guillory v. Domtar Industries, Inc.*, 95 F.3d 1320, 1328 (5th Cir. 1996). The Louisiana Supreme Court has held that an act is intentional whenever the defendant "either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct." *Bazley v. Tortorich*, 397 So. 2d 475, 481 (La.

6

1981).  Plaintiff relies in this case on the second condition, the substantially certain test, to support his intentional tort claim against Doerle.

In *Guillory*, the Fifth Circuit explained that "[t]he substantially certain test is satisfied when an employer *consciously* subjects an employee to a hazardous or defective work environment where injury to the employee is nearly inevitable—that is, injury is 'almost certain' or 'virtually sure' to occur or is incapable of being avoided."  *Guillory*, 95 F.3d at 1327 (emphasis supplied).  The Louisiana Supreme Court has held that the belief "someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation."  *See Reeves v. Structural Preservation Systems*, 731 So. 2d 208, 212 (La. 1999).   Furthermore, "an employer's mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured" is insufficient to satisfy the "substantial certainty' requirement."  *Id.* at 213 (internal quotations and citation omitted).

Neither gross negligence by the employer, reckless or wanton conduct by the employer, nor mere knowledge and appreciation of a risk of harm constitute the necessary intent under the substantial certainty test.  *See Reeves*, 731 So.2d at 213; *Guillory*, 95 F.3d at 1328.  Rather, "[s]ubstantially certain to follow' requires more

7

than a reasonable probability that an injury will occur and 'certain' has been defined to mean 'inevitable' or 'incapable of failing.'" *Reeves*, 731 So.2d at 213 (quoting *Jasmin v. HNV Cent. Riverfront Corp.*, 642 So.2d 311, 312 (La.App. 4 Cir. 1994)). Thus, to determine whether Plaintiff has asserted a plausible claim against Doerle, the Court must now consider the factual allegations of his Petition for Damages.

Plaintiff alleges the following facts in his Petition: (1) Plaintiff worked for Doerle for years before the incident on June 29, 2015; (2) as part of his daily routine, Plaintiff inspected his vehicle and trailer pre-trip and post-trip as well as completed a Driver Vehicle Condition Report; (3) "[s]everal months before [June 29, 2015], a ladder which was required to enter and exit the delivery trailer assigned to [Plaintiff] had been damaged" and was "no longer attached to the trailer;" (4) three weeks before June 29, 2015, a safety supervisor from Doerle rode with Guidry as part of a regular safety review; (4) "[t]he safety supervisor noted that the ladder was missing and specifically commented on how dangerous and what serious risk it posed to" Plaintiff; (5) the safety supervisor reported the deficiency in order to have it repaired; (6) Doerle neither provided Plaintiff with another vehicle to drive nor repaired Plaintiff's vehicle; and (7) Doerle "intentionally caused injury to [Plaintiff], as it knew and was substantially certain that [Plaintiff] would suffer injury as a result of requiring him to work in a defective and deficient vehicle."  (Doc. 1-4 at ¶¶ 4-6, 15-19.)

8

Doerle relies on two cases from the Middle District of Louisiana to support its contention that Plaintiff's allegations fail to rise to the level of "substantial certainty" to state a intentional tort claim.  (Doc. 12-1 at pp. 6-8.)  First, in *McLin v. H & H Lure Co.*, 102 F. Supp. 2d 341 (M. D. La. 2000), the Louisiana Middle District Court considered a similar issue of improper joinder where the plaintiffs made allegations against his employer in order to state a claim under the intentional tort exception of the Act.  Specifically, the plaintiffs in *McLin* alleged that the employer's actions "amount[ed] to an intentional tort or action in that [defendant] knew full well that plaintiffs [sic] injuries were substantially certain to follow her working over a period of time with toxic chemicals in an unventilated area without proper protective equipment." *Id.* at 345.

The Middle District Court found it was "not bound by [plaintiffs'] conclusory allegation" because the plaintiffs' petition lacked any specific facts and plaintiffs had failed to "offer any other evidence which even hint[ed] of any specific facts" to support their intentional tort claim against the defendant-employer. *Id.*  The *Mclin* Court concluded that there was "no reasonable basis for predicting that a Louisiana state court might impose liability on [the defendant employer] based on an intentional tort theory." *Id.* at 346.  Accordingly, the court determined that the defendant-employer had been improperly joined. *Id.*

9

In *Enriquez,* the second case cited by Doerle, plaintiff Irwin Enriquez filed suit in state district court against numerous defendants for work-related injuries that he allegedly sustained while operating a defective forklift. *Enriquez*, 2013 WL 3330012 at *1. The defendants removed the action, asserting that the non-diverse employer had been improperly joined to defeat federal diversity jurisdiction. *Id.*

The employer, Turner Industries ("Turner"), moved to dismiss Enriquez's claims for failure to state a claim for an intentional tort under Louisiana law. *Id.* Enriquez alleged that Turner's conduct was substantially certain to cause his injuries because: (1) Turner knew the forklift was defective for some time before the accident and did nothing to protect Enriquez; (2) Turner's failure to provide Enriquez with any protection was an intentional act that was substantially certain to cause injury to Enriquez; (3) Turner's failure to correct the dangerous condition or to warn Enriquez constituted an intentional act that was substantially certain to cause his injuries; (4) Turner failed to protect or guard Enriquez from the defective forklift and, as such, exposed him to the inevitability of his injuries and damages; (5) Turner did not provide Enriquez with a safe place to work in violation of applicable regulations; and (6) Turner knew that Enriquez's injuries and damages were substantially certain to follow its failure to appropriately protect him from the defective forklift. *Id.* at *3.

10

After noting that the *McLin* case contained "strikingly similar conclusory allegation[s]," the Louisiana Middle District Court determined that:

> as in *Mclin*, the Plaintiff's Petition also consists of conclusory allegations against the Turner Defendants that are devoid of any specific facts or evidence that "even hinted" to specific facts that could support his intentional tort claims against the Turner Defendants. Like the *Mclin* Court, this Court also concludes that it does not appear from the allegations in the Petition that the Plaintiff has stated a viable intentional tort action under Louisiana law against the Turner Defendants to trigger the intentional act loophole.
>
> In particular, the allegations are insufficient to allow a fact finder to infer that the Turner Defendants knew, or were substantially certain, that Plaintiff would be injured from a defective forklift. Even accepting the allegations as true, as the Court must at this stage, an employer's knowledge or appreciation of risk, or mere knowledge that a machine is dangerous, does not amount to intent for purposes of applying the intentional act exclusion. Because the intentional tort exception of the Act bars the Plaintiff from recovering against the Turner Defendants in tort, the Court holds there is no possibility of recovering against the Turner Defendants under the facts of this case. Hence, the Court finds that the Turner Defendants were fraudulently joined as defendants.

*Id.* at *3-4.

Plaintiff counters by citing a case from the Eastern District of Louisiana, *Martin v. Boh Brothers Constr. Co., LLC*, Nos. 10-1468 and 1469, 2010 WL 4024231 (E.D. La. Oct. 12 2010). The Eastern District Court considered whether the defendant-employer Boh Bros., a nondiverse party, was improperly joined in order to destroy the court's diversity jurisdiction. *Id.* at *1. The court found that:

11

> [the p]arties have presented conflicting evidence on the issue of intentional misconduct, i.e. whether kick back from a concrete saw and resulting injury are substantially certain to follow from directing an employee to cut a concrete pipe with a bell on one end, without cribbing, with a concrete saw. Plaintiff pled in his complaint that the supervisors knew of this situation and, further, produced corroborative expert opinion evidence that the result was inevitable. Defendant counters with evidence from it's forman that he neither desired the resulting injury nor knew that it was substantially certain to follow, along with it's own expert in corroboration. The latter evidence was based on defendant's prior experience with cutting pipe and the lack of similar injuries. The parties' conflicting evidence presents issues of material fact that cannot be resolved in summary fashion at this time.

*Id.* Because Boh Bros. failed to show that there was no possibility of recovery against it, the Eastern District Court could not find it was improperly joined and, therefore, remanded the case to state court. *Id.* at *2.

Plaintiff also cites several Louisiana cases where the intentional tort exception has been satisfied. *See Robinson v. North American Salt Co.*, 865 So. 2d 98, 103-08 (La. App. 1 Cir. 2003) (affirming finding at trial that the employer's actions, as it related to an employee's injury while performing certain repairs on a moving conveyor belt, were such that it knew the accident was substantially certain to occur); *Clark v. Division Seven, Inc.*, 776 So. 2d 1262, 1264-65 (La.App. 4 Cir. 2000) (affirming finding at trial that the employer's conduct in ordering employee to return to work to a slanted, slippery portion of the roof constituted an intentional act that was the cause of the employee's injuries); *Abney v. Exxon Corp.*, 755 So. 2d 283,

289-90 (La.App. 1 Cir. 1999) (affirming finding at trial that the employer committed an intentional tortious act when: (1) it sent employees back to work in a confined area with known carcinogens without either proper safety equipment or remedial measures being taken; and (2) the employees are inevitably injured each time they are sent back to work); *Jackson v. Frisard*, 685 So. 2d 622 (La.App. 1 Cir. 1996) (affirming finding at trial that the act of the plaintiff's co-worker in striking the plaintiff in the back during martial arts training at the police academy  constituted an "intentional act" under La. R.S. 23:1032); *Trahan v. Trans-Louisiana Gas Co., Inc.*, 618 So. 2d 30 (La.App. 3 Cir. 1993) (concluding that the employer had committed an act, in which it knew injuries to the employee were substantially certain to follow, by instructing the employee to perform a task exposing him to the chemical mercaptan while knowing that such exposure had caused the employee to become ill on two prior occasions).

Each of the cases cited by Plaintiff in support of applying the intentional act exclusion are factually distinguishable from the instant case.  Only two of the cases cited, *Martin* and *Robinson*, involve the employer's knowledge of dangerous or defective machinery.  In *Martin*, however, Plaintiff relied on expert opinion in addition to the allegations in the complaint to show that injuries were "substantially certain to follow from directing an employee to cut a concrete pipe with a bell on one

end, without cribbing, with a concrete saw." *Martin*, 2010 WL 4024231 at *1. Likewise, in *Robinson*, which was a case that proceeded to trial, evidence was presented to support the jury's finding that the injury to the employee was substantially certain to occur during the course of performing repairs on a moving conveyor belt. *Robinson*, 865 So. 2d at 105-08. In this case, however, no additional evidentiary support has been provided with regard to Plaintiff's allegations.[2]

Plaintiff's allegations in this case are most closely analogous to Enriquez's allegations in his lawsuit removed to the Middle District of Louisiana. *See Enriquez*, *supra*. In each case, both Plaintiff and Enriquez complained about a dangerous or defective condition existing with respect to machinery or equipment that allegedly caused injury. Furthermore, allegations were offered in both cases indicating that the employer knew about the dangerous or defective condition and failed to take any action to remedy the condition or provide a safer alternative. Similar to the conclusion in *Enriquez*, Plaintiff alleges in a conclusory fashion that Doerle intentionally caused his injury because it "knew and was substantially certain that

---

[2] A Louisiana appellate court disagreed with the reasoning of the majority opinion in *Robinson*. *See Bergeron v. Murphy Oil, USA, Inc.* 903 So. 2d 496, 501 (La.App. 4 Cir. 2005). The *Bergeron* court, while noting the testimony of plaintiff's expert that the accident was substantially certain to occur, opined that the plaintiff in *Robinson* had "presented no evidence that the employer had such knowledge, belief, or opinion and since there were no facts to support an essential element to prove an intentional act it was manifest error for the jury to find an intentional act." *Id.*

14

Case 6:16-cv-01415-DDD-CBW    Document 20    Filed 03/15/17    Page 15 of 17 PageID #: 124

[he] would suffer injury as a result of requiring him to work in a defective or deficient vehicle." (Doc. 1-4 at ¶ 19.)

Even when accepting Plaintiff's allegations as true, Doerle's knowledge of the dangerous condition that existed on Plaintiff's commercial truck does not amount to intent for purposes of applying the narrow intentional act exclusion. In other words, Plaintiff's allegations are insufficient to allow any fact finder to infer that Doerle consciously subjected Plaintiff to a hazardous or defective work environment where injury to Plaintiff was virtually sure to occur. *See Guillory*, 95 F.3d at 1327. At best, Plaintiff's allegations against Doerle amount to a claim of gross negligence. Plaintiff, therefore, is barred from recovering against Doerle pursuant to the intentional tort exception of the Act. Accordingly, the Court concludes that Doerle was improperly joined as a defendant in this case to defeat diversity jurisdiction.[3]

## IV. Conclusion

Based on the foregoing, the undersigned recommends that Plaintiff's Motion to Remand (Doc. 16) be DENIED due to the improper joinder of Doerle, and that Plaintiff's claims against Doerle be DISMISSED *without* prejudice. The undersigned further recommends that Doerle's Motion to Dismiss (Doc. 12) be DENIED as

---

[3] The dismissal of Doerle as improperly joined means that the Court would have subject matter jurisdiction over Plaintiff's claims against Ryder Truck because, pursuant to § 1332, the parties to the this action are completely diverse.

15

MOOT. *International Energy Ventures Management, LLC v. United Energy Group, Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016).[4]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

---

[4] In *International Energy,* the Fifth Circuit held that once the district court denied the motion to remand based on a finding of improper joinder of a non-diverse defendant, it did not have jurisdiction to then grant the defendant's Rule 12(b)(6) motion to dismiss. Once it determined that the non-diverse defendant was improperly joined, the district court effectively dismissed the plaintiff's claims against the non-diverse defendant without prejudice.  The defendant's motion to dismiss should have been denied as moot.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 15th day of March, 2017.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**

17